IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN L. HIBSHMAN                                              Plaintiff

v.                           1:06CV00057 WRW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                                     Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Steven L. Hibshman, has appeared the final decision of the Commissioner of the Social Security Administration to deny his

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by problems with his lower back, left arm, ulcers, anxiety, depression, fractures of the back, neck, "possible" bipolar illness, "etc." (Tr. 97)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 24, 2006, the date of his decision.  (Tr. 15-16)  On September 28, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 33 years old at the time of the hearing.  (Tr.

---

[2]The Hon. Garry L. Brewer.

500)  He testified that he completed the seventh grade in school, some classes in special education.³ (Tr. 505)  He has past relevant work as a fork lift truck operator, a wood cutter and a sawmill worker.  (Tr. 15, 88-91)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2005).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a

---

³In a Disability Report completed prior to the hearing, Plaintiff indicated that he completed the eighth grade and did not attend special education classes.  (Tr. 103)

4

residual functional capacity assessment is made. Id., §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff met the insured status requirements for Disability Insurance benefits through December 31, 2002.[4] (Tr. 12) He found that Plaintiff had not engaged in substantial gainful activity at any relevant time.[5] Id. He found that Plaintiff had the following "severe" impairments: a mild compression fracture of the thoracic spine, lumbar strain, congenital defect of the cervical spine, depression, panic disorder with agoraphobia and a history of

---

[4]In order to receive Disability Insurance benefits, an applicant must establish that he was disabled before the expiration of his insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998); Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990).

[5] He found that Plaintiff attempted to return to work from October to December of 2004, but this only amounted to an unsuccessful work attempt. (Tr. 12)

cannabis abuse, but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations regarding the intensity, duration and limiting effects of his symptoms were not entirely credible. (Tr. 13)

The ALJ found that Plaintiff retained the residual functional capacity for a limited range of medium work. (Tr. 12-13) He found that Plaintiff's past relevant work as a fork lift truck operator did not require the performance of work-related activities precluded by his limitations, and that his impairments did not prevent his performing that past relevant work. (Tr. 15) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ committed error by failing to give any weight to the residual functional capacity evaluation of Plaintiff by a nurse practitioner. (Br. 4) According to a questionnaire that she completed, Kim Watson, A.P.N., saw Plaintiff on one occasion, December 16, 2004. (Tr. 414) In July of 2005, she partially completed a three-page residual functional capacity questionnaire at the behest of Plaintiff's attorney. (Tr. 414-16) The ALJ discussed her opinions, but gave them little weight. (Tr. 14) He noted that a nurse practitioner is not among the "acceptable sources" of medical evidence upon which the ALJ may rely to establish a medically determinable impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a) (2005). The ALJ properly gave little weight to her

opinion; it may be used only to show how any impairment affects a claimant's ability to work. Chronkite v. Sullivan, 935 F.2d 133, 134 (8th Cir. 1991).  Her opinion was not especially helpful to Plaintiff's claim.  It indicated that Plaintiff's impairments were not expected to last at least twelve months.  (Tr. 414)  She also offered the opinion that Plaintiff was capable of low stress work.  (Tr. 415)  Plaintiff's argument lacks merit.

Next, Plaintiff argues that the ALJ should have found that Plaintiff met Listing 12.05C or 12.02.  In pertinent part, Listing 12.05C reads as follows:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . . .
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
> . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005).

Plaintiff was administered the Wechsler Adult Intelligence Scale-Revised; his scores were verbal IQ of 80, performance IQ of 84 and full-scale IQ of 80.  (Tr. 406)  Therefore, his scores did not satisfy Listing 12.05C.  To meet Listing 12.05C, a claimant must show: (1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical

or other mental impairment imposing an additional and significant work-related limitation of function. <u>Maresh v. Barnhart</u>, 438 F.3d 897, 899 (8th Cir. 2006).

Listing 12.02 reads as follows:

> 12.02 *Organic Mental Disorders:* Psychological or behavioral abnormalities associated with a dysfunction of the brain. History and physical examination or laboratory tests demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Demonstration of a loss of specific cognitive abilities or affective changes and the medically documented persistence of at least one of the following:
>     1. Disorientation to time and place; or
>     2. Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or
>     3. Perceptual or thinking disturbances (e.g., hallucinations, delusions); or
>     4. Change in personality; or
>     5. Disturbance in mood; or
>     6. Emotional lability (e.g., explosive temper outbursts, sudden crying, etc.) and impairment in impulse control; or
>     7. Loss of measured intellectual ability of at least 15 I.Q. points from premorbid levels or overall impairment index clearly within the severely impaired range on neuropsychological testing, e.g., the Luria-Nebraska, Halstead-Reitan, etc.;
>
> AND
>
> B. Resulting in at least two of the following:
>     1. Marked restriction of activities of daily living; or
>     2. Marked difficulties in maintaining social functioning; or
>     3. Marked difficulties in maintaining concentration, persistence, or pace; or

>     4.  Repeated episodes of decompensation, each of extended duration;
>
> OR
>
>     C.  Medically documented history of a chronic organic mental disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>         1.  Repeated episodes of decompensation, each of extended duration; or
>         2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>         3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpart P, App. 1 (2005).

Although Plaintiff sets out Listing 12.02 in its entirety in his appeal brief, he points to no evidence in the record which would support a finding that he satisfied any portion of that Listing. (Br. 5-6)  In fact, he does not reference the record in his argument, but merely generally cites a number of cases without connecting them to the facts of this case.  Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

It should be noted that the ALJ found, and the record supports the findings, that Plaintiff did not meet any of the "B" criteria of Listing 12.02.  (Tr. 15)

For a plaintiff to show that his impairment matches a Listing, it must meet all of the specified medical criteria. Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995), quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  Plaintiff has the burden of

showing that he met a Listing. Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998). He failed to meet that burden.

Next, Plaintiff argues that the ALJ erred as a matter of law by not giving the treating neuropsychologist's report the weight to which it was entitled, and did not discuss his conclusion that Plaintiff was disabled. (Br. 9-13) On July 18, 2005, Vann A. Smith, Ph.D., evaluated Plaintiff. (Tr. 405-08) First, Plaintiff's characterization of Dr. Smith as a treating psychologist is not supported by the record. There is no indication that Plaintiff ever saw Dr. Smith other than the one occasion in July of 2005. Thus, his opinion is not entitled to the deference that a treating source's opinion would be. An ALJ should give more weight to the opinion of doctors who have treated a claimant regularly over a period of months or years because they have a longitudinal picture of the impairment. Strongsom v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). A one-time evaluation by a nontreating psychologist, such as that by Dr. Smith, is of little significance by itself. E.g., Loving v. Dept. of Health & Human Services, 16 F.3d 967, 971 (8th Cir. 1994).

The ALJ did discuss Dr. Smith's report:

> Little weight was given to the neuropsychological evaluation completed by Vann A. Smith on July 18, 2005 because it is inconsistent with the rest of the medical record. Dr. Smith diagnosed a cognitive disorder and borderline intellectual functioning. However, his report indicates that he had not reviewed medical records and that his diagnosis was based on a history of traumatic brain injury with grade III concussion as reported to him by the claimant. The medical records fail to document that the claimant was ever diagnosed or treated for a traumatic

>   brain injury.  A CT of the brain on December 5, 2004 was
>   normal and showed no acute intracranial process (Ex. 5F).

(Tr. 15)

Although not cited by the ALJ, there is another reason for discounting the report of Dr. Smith.  Plaintiff saw Dr. Smith (just as he saw Nurse Watson) in pursuit of his Social Security claims, not for treatment.  See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)(Plaintiff's encounters with doctors appear to be linked primarily to his quest to obtain benefits, rather than to obtain medical treatment).  Under the circumstances, the ALJ gave proper weight to the report of Dr. Smith.  His decision is supported by substantial evidence.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir.

2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court recommends that the final determination of the Commissioner be affirmed and Plaintiff's complaint be dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___17___ day of December, 2007.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE